Lesley Vowels,
C/O Charis House
5920 Decatur Rd
Ft Wayne IN 46816
502435-0934
lesleyvowels@gmail.com     *QUX* 6/22/26

v.

Allen County Animal Care and Control
3020 Hillegas Rd, Fort Wayne, IN 46808

1:26CV290

-FILED-

JUN 22 2026

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Police Report 26F061507
Protection Order: 02D09-2606-PO-001693

### *******US FEDERAL LAWSUIT ANIMAL CONTROL BIGGZ AND CHAUNCEY FEDERAL ADA TITLE 2 AND 3 PROTECTIONS FROM HARM *******

Plaintiff Lesley Vowels is currently residing at Charis House Women's Shelter, 5920 Decatur Road, Fort Wayne, Indiana 46816, due to domestic violence circumstances and a pending Order for Protection and Restraining Order to prevent any harm to my service dogs.

Plaintiff is a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., including Post-Traumatic Stress Disorder ("PTSD") resulting from a gunshot wound sustained since 2023 and most recent on March 28, 2026, and subsequent traumatic events where plaintiff was victim of gunshot wound and on 06/05/2026 a victim of further domestic violence where the aggressor Tiffany Shea further tried to hurt plaintiff and sent service dogs to Animal Control.

Plaintiff possesses documentation from treating mental health providers establishing disability-related need for service animals assisting with PTSD symptoms.

Defendant Allen County Animal Care and Control is a governmental agency and public entity located at 3020 Hillegas Road, Fort Wayne, Indiana 46808, and is responsible for the custody, care, housing, transfer, and disposition of animals within its control.

II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. § 1391 because all events giving rise to this action occurred in Allen County, Indiana.

## III. FACTUAL BACKGROUND

Since 2023 and most recent On March 28, 2026, Plaintiff sustained a gunshot wound and thereafter developed significant PTSD symptoms requiring ongoing treatment and disability accommodations.

Plaintiff utilizes service dogs known as Biggz and Chauncey to assist with PTSD-related symptoms and emotional regulation. The dogs provide disability-related assistance and support that mitigates the effects of Plaintiff's disability.

On June 5, 2026, Plaintiff was subjected to domestic violence involving Tiffany Shea at 3522 Raymond Street, Fort Wayne, Indiana.

On June 6, 2026, Plaintiff reported the incident to law enforcement and domestic violence advocates. A police report was generated under Report Number 26F061507.

On June 8, 2026, proceedings were initiated pursuant to Indiana Code 34-26-5 regarding domestic violence protections and an Order for Protection.

On June 10, 2026, the Allen County Court entered an Order for Protection in Cause Number 02D09-2606-PO-001693.

Plaintiff provided notice of the domestic violence proceedings and Protective Order to Allen County Animal Care and Control.

Despite receiving notice, Defendant allegedly continued withholding Plaintiff's dogs and denied reunification, visitation, or access.

Plaintiff further alleges that an employee of Defendant threatened euthanasia of the dogs, causing severe emotional distress, panic, anxiety, and worsening PTSD symptoms.

The final hearing regarding the Protective Order is currently scheduled for July 2, 2026.

## IV. CONDITION OF THE SERVICE DOGS

Plaintiff alleges that Chauncey recently underwent eye surgery and requires continuing monitoring, veterinary care, hydration, and nutrition.

Plaintiff alleges that Chauncey has become depressed due to separation from Plaintiff and Biggz and has exhibited reduced eating and drinking behavior.

Plaintiff alleges that Biggz is approximately thirteen years old and requires thyroid medication, companionship with Chauncey, regular feeding, and monitoring.

Plaintiff believes continued separation of the dogs from one another and from Plaintiff may adversely affect their health and well-being.

## V. ADA TITLE II CLAIM

42 U.S.C. § 12132

Plaintiff incorporates all preceding paragraphs.

Allen County Animal Care and Control is a public entity subject to Title II of the Americans with Disabilities Act.

42 U.S.C. § 12132 provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in, denied the benefits of, or subjected to discrimination by a public entity.

Plaintiff is a qualified individual with a disability.

Plaintiff alleges that Defendant has interfered with Plaintiff's ability to utilize service animals required for disability-related accommodations.

Plaintiff further alleges that Defendant's withholding of Biggz and Chauncey, refusal of visitation, threatened euthanasia, and refusal to permit Plaintiff meaningful participation in the animals' care have denied Plaintiff access to disability accommodations and caused substantial emotional and psychological harm.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress, increased PTSD symptoms, anxiety, panic symptoms, loss of sleep, and mental anguish.

## VI. ADA SERVICE ANIMAL PROTECTIONS

Plaintiff relies upon 28 C.F.R. § 35.136, which recognizes protections for service animals assisting individuals with disabilities under Title II of the ADA.

Plaintiff alleges that Biggz and Chauncey perform disability-related functions associated with Plaintiff's PTSD and are necessary accommodations for Plaintiff's disability.

Plaintiff further alleges that destruction, euthanasia, transfer, adoption, or permanent separation of the dogs would substantially interfere with Plaintiff's disability accommodations and treatment.

## VII. DOMESTIC VIOLENCE AND COMPANION ANIMAL PROTECTIONS

Plaintiff asserts rights under applicable domestic violence protections, including Indiana Code 34-26-5 and federal protections recognizing the importance of safeguarding companion animals belonging to victims of domestic violence.

Plaintiff further relies upon the Pet and Women Safety Act ("PAWS Act"), 34 U.S.C. § 12291, which recognizes the connection between domestic violence and harm or threats against companion animals.

## VIII. RELIGIOUS BELIEFS

Plaintiff maintains sincere Christian religious beliefs concerning stewardship and protection of animals.

Plaintiff believes euthanasia or destruction of Biggz or Chauncey would substantially burden Plaintiff's religious beliefs and emotional well-being.

Plaintiff objects to euthanasia, destruction, transfer, adoption, neglect, withholding of care, or separation of the dogs.

## IX. PRESERVATION OF EVIDENCE

Plaintiff requests immediate preservation of all records relating to Biggz and Chauncey, including:

Intake records;

Veterinary records;

Medication logs;

Feeding and hydration logs;

Kennel logs;

Photographs and videos;

Employee communications;

Surveillance footage;

Transport records;

Body camera footage;

Euthanasia records;

Transfer records; and

All documents relating to custody or disposition of the animals.

## X. IRREPARABLE HARM

Plaintiff alleges that euthanasia, transfer, adoption, destruction, or serious injury to either dog would cause immediate and irreparable harm.

Monetary damages alone cannot adequately compensate for the loss of service animals that assist Plaintiff with disability-related needs.

Absent emergency intervention by this Court, Plaintiff believes Biggz and Chauncey may face continued separation, transfer, adoption, or euthanasia.

## XI. DAMAGES

As a direct result of Defendant's actions, Plaintiff alleges emotional distress, mental anguish, interference with disability accommodations, and exacerbation of PTSD symptoms.

Plaintiff seeks compensatory damages in an amount not less than Fifty Thousand Dollars ($50,000), consisting of Twenty-Five Thousand Dollars ($25,000) relating to Biggz and Twenty-Five Thousand Dollars ($25,000) relating to Chauncey, together with all additional relief allowed by law.

## XII. EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff respectfully requests immediate emergency relief prohibiting Defendant from:

Euthanizing Biggz or Chauncey;

Transferring Biggz or Chauncey;

Adopting out Biggz or Chauncey;

Separating Biggz and Chauncey from one another;

Withholding necessary food, water, medication, or veterinary care;

Destroying records related to the dogs; or

Otherwise disposing of the dogs pending further order of the Court.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter an immediate Motion to Stay

B. Enter a Preliminary Injunction preventing euthanasia, transfer, adoption, destruction, or separation of Biggz and Chauncey;

C. Order Defendant to provide adequate food, hydration, medication, and veterinary care;

D. Permit daily visitation by Plaintiff;

E. Preserve all evidence and records concerning the dogs;

F. Award compensatory damages of not less than $50,000;

G. Award all costs and relief authorized by law; and

H. Grant all further relief deemed just and proper.

Respectfully submitted,

Lesley Vowels

C/O Charis House

5920 Decatur Road

Fort Wayne, Indiana 46816

502-435-0934

lesleyvowels@gmail.com

Plaintiff, Pro Se


*******MOTION TO STAY BIGGZ AND CHAUCEY AT FORT WAYNE ANIMAL CONTROL*******


It is ordered to preserve the life and wellbeing of Biggz and Chauncey as long as Lesley Vowels resides at Charis House and will have daily access to dogs for PTSD symptoms once Lesley Vowels leaves she will take Biggz and Chauncey with her.  Biggz and Chauncey will only be given to Lesley Vowels.


*******CERTIFICATE OF SERVICE*******


Lesley Vowels sent electronically to Jeff Office Supervisor at Animal Control Fort Wayne and also hand delivered by 06/25/26 and Faxed.


s/Lesley Vowels

Lesley Vowels 06/22/26

